# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOWARD LEE QUALLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-0148-J ) |
| FNU GULLICKSON, | ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Doward Lee Qualls is a state prisoner seeking a temporary restraining order. Motion for Temporary Restraining Order [Doc. No. 1]. The Court referred this matter to United States Magistrate Judge Shon T. Erwin for initial proceedings. [Doc. No. 3]. Judge Erwin has entered a Report and Recommendation recommending this action be dismissed. [Doc. No. 4]. Petitioner has objected [Doc. No. 5], therefore the Court reviews his petition *de novo*. *See* 28 U.S. § 636(b)(1).

Judge Erwin has recommended that the Court dismiss Plaintiff's motion because he seeks a temporary restraining order without first filing a complaint, which is the only filing that can properly initiate a federal lawsuit. *See* Fed. R. Civ. P. 3; *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007). In his objection, Plaintiff specifically admits he has not yet filed a complaint because he is still exhausting his administrative remedies, confirming that the motion cannot be reasonably construed as a complaint. [Doc. No. 5] at 1-2. The Court therefore lacks jurisdiction to address his motion. *See Powell*, 241 F. App'x at 505 n.4 (citing *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002)).

Plaintiff's reasoning for not filing a complaint—that he is still exhausting his administrative remedies—gives further support for dismissal. The Prison Litigation Reform Act of 1995 (PLRA) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Moreover, exhaustion "means using all steps that the agency holds out[] and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted). If the Court were to weigh in on Plaintiff's claims in the motion for temporary injunction in spite of his admission that those claims are not exhausted, the Court would be allowing Plaintiff to skirt the requirements of the PLRA. The Court will not do so. The Court therefore ADOPTS the Report and Recommendation and DISMISSES this action without prejudice.

IT IS SO ORDERED this 23rd day of March, 2020.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE